Opinion by
Mr. Justice Kelley.
This matter is here by writ of error to review the judgment of the District Court in and for the County of Arapahoe, declaring Minimum Wage Order No. 17, dated April 1, 1966, issued by the Industrial Commission of Colorado, to be null, void, and of no effect, insofar as it requires payment of wages to tuition-paying students in beauty schools registered and licensed under the laws of the state of Colorado.
*271 The plaintiffs in error, Industrial Commission of Colorado and the State Board of Cosmetology of the State of Colorado, were defendants in the district court and will be referred to as the “commission” and the “board.”
The defendants in error will be referred to either as such, or as the “beauty schools.”
In order to place the issue before us in proper perspective, a brief factual background is indicated.
On April 1, 1966, the Industrial Commission issued Minimum Wage Order No. 17, to become effective May 1, 1966, which included a specific requirement for the payment of wages to tuition-paying students in licensed beauty schools. Historically, students, under the supervision of licensed instructors, as a part of their training have served customers of the beauty schools. The customer pays a fee for the service to the schools, but the schools customarily do not pay the students for their participation in the service.
On April 29, 1966, the beauty schools filed their complaint seeking a declaratory judgment under R.C.P. Colo. 57, and a citation to the Industrial Commission to show cause and for injunctive relief under R.C.P. Colo. 106(a)(4), on the ground that the commission had exceeded its authority. As above indicated, the trial court entered judgment in favor of the beauty schools.
Minimum Wage Order No. 17 purports to regulate “WAGES, HOURS, AND WORKING CONDITIONS FOR WOMEN AND MINORS IN THE BEAUTY SERVICE INDUSTRY.” The provision invalidated by the trial court’s order provides:
“1. Women and minors shall be paid not less than the following minimum wage rates for time worked up to eight (8) hours per day and forty (40) hours per week:
•!> sH ^
b. * * *
c. Students enrolled in registered schools when serving paying customers will be paid not less than sixty (60) percent * * * of the established junior operator’s mini *272 mum hourly rate, provided, however that valid student contracts in effect prior to April 1, 1966 shall be exempt from this provision.”
The trial court in its JUDGMENT found that:
“There is no relationship of employer and employee between a school of cosmetology and its students. To permit the order issued by the Industrial Commission to stand would create a conflict between the authority asserted by the Cosmetology Board and the authority asserted by the Industrial Commission; * * *”
The only ground asserted by the plaintiffs in error, in their MOTION FOR NEW TRIAL, is that the court erred, as a matter of law, in holding the minimum wage order invalid. Although they raise other issues here, we will limit our consideration to the one raised in the trial court by their motion for new trial.
The trial court, in support of its order denying the motion for new trial, found:
“The argument advanced by defendant is that there is a dual relationship of persons enrolled in beauty schools, one being a student and the other an employee. “However, 32-1-2, C. R. S. 1963, states:
“ (2) A ‘student’ is a person who is engaged in learning or acquiring the practices of cosmetology within a school and while so learning performs or assists in any of the practices of cosmetology under the immediate direction and supervision of an instructor.
“By definition such a person is a student at all times during his enrollment.”
The statutory definition clearly contemplates that a “student” shall perform or assist in the several practices of cosmetology under the direction of an instructor.
The Cosmetology Act, C.R.S. 1963, 32-1-4, also provides that beauty schools
“* * * require a school term of training of not less than one thousand hours for a complete course comprising the majority of the practices, and a proportional number of hours as approved by the [cosmetology] board, for *273 any one or a combination of the practices of cosmetology, to include practical demonstrations, * * * and the use of antiseptics, cosmetics and electrical appliances, consistent with the practical and theoretical requirements as applicable to cosmetology.”
The activities sought to be brought within the operation of the wage order were among those enumerated in the foregoing section. It should also be noted that it is unlawful for a person to undertake to perform those services other than as a student or a licensed cosmetologist. C.R.S. 1963, 32-1-1.
There is no language in the Cosmetology Act which in any manner suggests that the relationship between a beauty school and those enrolled for the purpose of learning the practices of cosmetology can be anything other than school and student. We must, therefore, conclude that this precludes the relationship of master and servant or employer and employee.
The only case called to our attention bearing on the issue before us is Hutchison v. Clark, 67 Cal. App.2d 155, 153 P.2d 796. In Hutchison, a wage order was issued by the Industrial Welfare Commission which required the payment of wages to students, under circumstances similar to those here, during the last 350 hours of a required 1600 hour course. The Industrial Welfare Commission held that “the relationship between the beauty school and the student is a dual one.” The court, on review of that holding, disagreed, stating:
“* * * The status of those attending a school operated by virtue of and under the Cosmetology Act is fixed by the act itself. And by the terms of the act those attending such schools are either students or they are not students; they are either employees or they are not employees, during the period of their attendance. There is nothing in the act to suggest the relationship of employer and employee. * * *”
We are in complete agreement with Hutchison.
C.R.S. 1963, 80-7-1 et seq. (Minimum Wages of *274 Women and Children), as a prerequisite to its operation, contemplates the relationship of employer and employee; therefore, since that relationship does not exist here as between the beauty schools and their students, the wage order is null and void as to them. The trial court was correct.
The judgment is affirmed.
Mr. Justice McWilliams, Mr. Justice Pringle and Mr. Justice Hodges concur.